IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a, BRAZOS LICENSING AND DEVELOPMENT<br><br>*Plaintiff*,<br>v.<br><br>GOOGLE LLC,<br><br>*Defendant*. | CIVIL ACTION 6:20-CV-00581-ADA<br><br>JURY TRIAL DEMANDED |

## GOOGLE'S OPPOSED MOTION FOR INDICATIVE RULING UNDER FEDERAL RULE OF CIVIL PROCEDURE 62.1

Defendant Google LLC moves the Court to supplement the record with the Court's additional claim construction analysis for the claim limitations: (i) "alerting unit configured to issue an alert"; (ii) "the terminal"; and (iii) "issuing means for issuing an alert." Google also moves the Court to issue an indicative ruling under Federal Rule of Civil Procedure 62.1, stating that it would grant Google's motion to supplement the record. Plaintiff WSOU Investments, LLC has indicated that it plans to oppose Google's motions.

### REQUESTED RELIEF

On September 30, 2021, WSOU filed a notice of appeal in this case. The Federal Circuit docketed the appeal on October 15, 2021. Shortly thereafter, this Court indicated that it sought to supplement its *Markman* order to include additional claim construction analysis. Pursuant to Federal Rule of Civil Procedure 62.1, Google requests that the Court indicate that it would grant a motion to supplement the record to include the Court's additional claim construction analysis (through a

memorandum opinion or otherwise).  It further requests that the Court supplement the record were the Federal Circuit to remand the case to this Court for that limited purpose.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam).  Federal Rule of Civil Procedure 62.1 permits a district court to indicate whether it would grant a motion for relief "that the court lacks the authority to grant because an appeal . . . has been docketed and is pending." Fed. R. Civ. P. 62.1(a).  If the court indicates that it would grant the requested relief, "[t]he movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1." Fed. R. Civ. P. 62.1(b).  The court of appeals, here the Federal Circuit, then may remand for the district court to grant the motion "but retains jurisdiction unless it expressly dismisses the appeal." Fed. R. App. P. 12.1(b).  Following the limited remand, "the parties must promptly notify the circuit clerk when the district court has decided the motion on remand." Fed. R. App. P. 12.1(b).

Google requests use of that procedure to supplement the record with the Court's additional claim construction analysis here.  District courts have used Rule 62.1's procedure to consider supplementing the record in other circumstances.  *See, e.g.*, *Jenkins v. City of Taunton*, No. 15-10003, 2018 WL 326462, at*3–4 (D. Mass. Jan. 8, 2018) (using Rule 62.1's indicative-ruling procedure to consider a party's motion to correct the summary judgment record); *Howard v. Cook Cnty. Sheriff's Off.*, No. 17 C 8146, 2020 WL 1445620, at *1, *7 (N.D. Ill. Mar. 25, 2020) (considering a motion to modify a class certification or supplement the record using Rule 62.1's indicative-ruling procedure).  And the Fifth Circuit and the Federal Circuit have both ordered limited remands, while retaining jurisdiction, for district courts to issue relief that they have indicated that they would grant under Rule 62.1.  *E.g.*, *M.C. Moore v. Tangipahoa Parish Sch. Bd.*, 836 F.3d 503, 504 (5th Cir. 2016) (per curiam)

(remanding for the "limited purpose of allowing the district court to rule on the matter identified in its indicative order" issued under Civil Rule 62.1 but "retain[ing] jurisdiction during the pendency of the limited remand"); *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, No. 10-1377, 2011 WL 5275848, at *1 (Fed. Cir. Nov. 4, 2011) (granting remand under Civil Rule 62.1 but "retain[ing] jurisdiction over the appeals").

Accordingly, Google requests that the Court indicate, under Federal Rule of Civil Procedure 62.1, that it would grant Google's motion to supplement the record. And Google further requests that, should the Federal Circuit provide the Court with jurisdiction, the Court supplement the record with its additional claim construction analysis.

Date: November 18, 2021

Respectfully submitted,

/s/ *Tharan Gregory Lanier, with permission Michael E. Jones*

Tharan Gregory Lanier (*pro hac vice*)
**Jones Day**
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile
tglanier@jonesday.com

Michael E. Jones (Texas Bar No. 10929400)
Patrick C. Clutter (Texas Bar No. 24036374)
**Potter Minton, P.C.**
110 North College, Suite 500
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile
mikejones@potterminton.com
patrickclutter@potterminton.com

Sasha Mayergoyz
**Jones Day**
77 W. Wacker Drive

Chicago, IL 60601
+1 (312) 782-3939
smayergoyz@jonesday.com

Tracy A. Stitt
Edwin O. Garcia
**Jones Day**
51 Louisiana Avenue NW
Washington, DC 20001
+1 (202) 879-3641
tastitt@jonesday.com
edwingarcia@jonesday.com

Michael A. Lavine
**Jones Day**
555 California Street
26th Floor
San Francisco, California 94104
+1 (415) 626-3939
mlavine@jonesday.com

*Attorneys for Defendant Google LLC*